UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PEDRO RODRIGUEZ,<br><br>　　　　　　Petitioner,<br><br>v.<br><br>WARDEN FISHER,<br><br>　　　　　　Respondent. | Case No.: 21cv1442-BAS (MSB)<br><br>**ORDER DENYING PETITIONER'S EX PARTE REQUEST FOR ORDER DIRECTING SAN DIEGO SHERIFFS TO RECOGNIZE PETITIONER AS PRO PER LITIGANT [ECF NO. 18]** |

Pedro Rodriguez ("Petitioner"), a state prisoner proceeding pro se, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. (ECF No. 1.) Respondent has until January 21, 2022, to file a motion to dismiss. (ECF No. 23 at 2.) As presently scheduled, Petitioner will then have until February 23, 2022, to file an opposition. (Id.)

On November 16, 2021, Petitioner filed an "Ex Parte Request for Order Directing San Diego Sheriffs to Recognize Petitioner as Pro Per Litigant." (ECF No. 18.) In his ex parte motion, Petitioner indicates that since he was transferred from Valley State Prison to the custody of the San Diego Sheriff's Department on September 30, 2021, he is being detained at George Bailey Detention Facility where he is deprived access to the resources available at San Diego Central Jail for pro per inmates. (Id. at 1-2.) Petitioner explains

that he has been told he can purchase stamps and envelopes from commissary, but his friends and family are not permitted to send him stationary supplies. (Id. at 2.) He further explains that where he is housed, he has no "access to legal property which contains supporting evidence to the petitioner's current claims." (Id.) Based on the foregoing, Petitioner argues that the San Diego Sheriff's Department is denying him his First Amendment right to access the courts and his Fourteenth Amendment right to equal protection. (Id. at 2-3.) He therefore asks this Court to order the Sheriff's Department to recognize his "pro per status and allow [him] the same privileges of other pro per inmates including: access to stored legal work product, access to law library, access to copies, and unlimited mail to the courts." (Id. at 3.)

The Supreme Court has stated that it is "beyond doubt that prisoners have a constitutional right of access to the courts." Bounds v. Smith, 430 U.S. 817, 821 (1977). The Court in Bounds held that this right "requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law." Bounds, 430 U.S. at 828. However, "inmates alleging a violation of Bounds must show actual injury," a prerequisite to establish standing. Lewis v. Casey, 518 U.S. 343, 349 (1996). Because the basic right provides simply for access to courts rather than any particular means of access—such as library resources or free transcripts—an actual injury to the right requires a showing that the prisoner was "hindered [in] his efforts to pursue a legal claim." Id. at 351. The right of access-to-courts remains extremely limited. For instance, it applies only in cases where inmates "attack their sentences, directly or collaterally, and[] challenge the conditions of their confinement, id. at 355, and only during the pleading stage of such actions, Cornett v. Donovan, 51 F.3d 894, 898 (9th Cir. 1995).

Forward-looking access-to-courts claims—like the one Petitioner asserts here—allege that a state actor is currently frustrating the plaintiff's attempt to prepare or file a suit. Christopher v. Harbury, 536 U.S. 403, 413 (2002) (citing Bounds, 430 U.S. at 828

as an example of a forward-looking claim seeking a law library to prepare a present case). Two distinct elements must be present in a forward-looking claim: (1) an arguable or nonfrivolous underlying claim, and (2) the present foreclosure of any meaningful opportunity to pursue that claim. See Parrish v. Solis, No. 11-CV-01438, 2014 WL 1921154 , at *12 (N.D. Cal. May 13, 2014) (citing Broudy v. Mather, 460 F.3d 106, 120-21 (D.C. Cir. 2006) (synthesizing the requirements of forward-looking claims in Harbury and Lewis); see also Harbury, 536 U.S. at 413 (a plaintiff who alleges a forward-looking claim must be "presently den[ied] an opportunity to litigate"); Lewis, 518 U.S. at 353 (holding that an inmate bringing a forward-looking claim must point to a "nonfrivolous legal claim [that is] being frustrated [or] impeded").

     In the instant case, Petitioner has already filed a 310-page habeas petition. (See ECF No. 1.) Because Respondent has until January 21, 2022, to file a motion to dismiss, Petitioner has not shown that he is currently being prevented from preparing further pleadings in his case. (See ECF No. 23.) Even once Respondent has filed a responsive document, it will be incumbent on Petitioner to show under Lewis how he is being prevented from responding, or in other words, what he specifically is lacking to be able to complete his pleadings. At present, Petitioner simply explains that he doesn't have access to a well-appointed law library at the San Diego Central Jail; that he must purchase stamps and envelopes from the commissary, despite its unreliability and his indigence; and that he is "not allowed access to legal property which contains supporting evidence to [his] current claims." (ECF No. 18 at 2.) These generalized claims regarding the present day do not directly relate to his ability to file a specific document between January 21, 2022, and his February 23, 2022 deadline. While Petitioner submitted his inmate request regarding his request for access to the law library and his legal material, he did not include the Sheriff's Department's response. (ECF No. 17 at 5.) Further, Petitioner does not state whether there are any other legal resources available to him in the facility where he is housed. Based on the foregoing, the right of access to courts does not support Petitioner's request at this time.

      Petitioner also claims under the Fourteenth Amendment Equal Protection clause that he "has a right to be treated equally to similarly situated inmates convicted of similar crimes." (ECF No. 17 at 3.) When, as here, "an equal protection claim is premised on unique treatment rather than on a classification," the party bringing the claim must establish that the accused party "intentionally, and without rational basis, treated the plaintiff differently from others similarly situated." <u>North Pacifica LLC v. City of Pacifica</u>, 526 F.3d 478, 486 (2008). Petitioner has not stated that there are similarly situated people to him who are receiving the resources he seeks, nor that the San Diego County Sheriff's Department lacks a rational basis for denying him "pro per litigant" status. Furthermore, the Court notes that the Sixth Amendment right to counsel, which may be active for many pretrial detainees, is not shared by habeas petitioners. <u>Habeas Corpus Res. Ctr. v. U.S. Dep't of Justice</u>, 816 F.3d 1241, 1244 (9th Cir. 2016) (noting that there is no federal constitutional right to appointment of counsel in postconviction collateral attacks on a conviction or sentence in state or federal court).

      Equally important, the Court is not prepared to address Petitioner's freestanding equal protection or access to courts claims, to the extent that the relief sought is not directly tied to the habeas petition that constitutes this case. See, e.g., <u>Dunsmore v. Beard</u>, No. 13CV1193-GPC(PCL), 2014 WL 7205659, at *4 (S.D. Cal. Dec. 17, 2014) ("To the extent Petitioner raises arguments concerning violations of his constitutional right to meaningful access to the courts, or seeks to obtain his legal property, his appropriate remedy is filing a complaint pursuant to 42 U.S.C. § 1983, which is the proper method for a prisoner to challenge the conditions of confinement.") (citations omitted). Petitioner may seek redress through the regular rules and regulations of the institution where he is confined.

      For the foregoing reasons, Petitioner's current motion is **DENIED**. However, the Court encourages Petitioner to seek redress through the Sheriff's Department's internal processes. Despite the Court's current denial, the Court notes that "[t]he procedures employed by the federal courts are highly protective of a pro se petitioner's rights."

Knaubert v. Goldsmith, 791 F.2d 722, 729 (9th Cir. 1986).  If Petitioner lacks access to legal resources necessary to meet future deadlines, he should bring such issues (together with specifics as related to his habeas petition in this case) to the Court's attention before he misses any deadlines.

**IT IS SO ORDERED.**

Dated:  December 20, 2021

Honorable Michael S. Berg
United States Magistrate Judge