UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

PEDRO RODRIGUEZ,

                              Petitioner,

v.

OFFICER FISHER, *Warden*,

                              Respondent.

Case No.:  21cv1442-BAS (MSB)

**ORDER DENYING PETITIONER'S MOTION FOR APPOINTMENT OF COUNSEL [ECF NO. 29.]**

On January 12, 2022, Petitioner, proceeding pro se in this habeas corpus action, constructively filed a motion asking the Court to appoint him counsel.  (See ECF No. 29.) Petitioner claims that he cannot afford an attorney, his case involves complex issues, and he has limited knowledge of the law.  (Id. at 1-2.)   Petitioner further alleges that the San Diego Sheriff's Department, which currently houses him, has separated him from his legal work, and is depriving him of access to a law library and case law while is quarantined with 28 other inmates due to the COVID -19 pandemic.  (Id.)

## I.  LEGAL STANDARD

The Sixth Amendment right to counsel does not extend to federal habeas corpus actions by state prisoners.  Habeas Corpus Res. Ctr. v. U.S. Dep't of Justice, 816 F.3d 1241, 1244 (9th Cir. 2016) (noting that there is no federal constitutional right to

21cv1442-BAS (MSB)

1   appointment of counsel in postconviction collateral attacks on a conviction or sentence

2   in state or federal court).  Courts may, however, appoint counsel for financially eligible

3   habeas petitioners seeking relief pursuant to 28 U.S.C. § 2254 when "the interests of

4   justice so require."  See 18 U.S.C. § 3006A(a)(2)(B); Luna v. Kernan, 784 F.3d 640, 642

5   (9th Cir. 2015) (citing 18 U.S.C. § 3006A(a)(2)(B)); Chaney v. Lewis, 801 F.2d 1191, 1196

6   (9th Cir. 1986) (citations omitted) ("Indigent state prisoners applying for habeas corpus

7   relief are not entitled to appointed counsel unless the circumstances of a particular case

8   indicate that appointed counsel is necessary to prevent due process violations.").

9   Courts have discretion in determining whether to appoint counsel, unless an evidentiary

10  hearing is necessary.  See Terrovona v. Kincheloe, 912 F.2d 1176, 1177 (9th Cir. 1990);

11  Knaubert v. Goldsmith, 791 F.2d 722, 728-30 (9th Cir. 1986) (citation omitted).

12        Under 28 U.S.C. § 1915(e)(1), courts may exercise their discretion to appoint

13  counsel for indigent civil litigants only in "exceptional circumstances."  Agyeman v. Corr.

14  Corp. Am., 390 F.3d 1101, 1103 (9th Cir. 2004) (citation omitted).  When assessing

15  whether exceptional circumstances exist, courts must evaluate "the likelihood of the

16  plaintiff's success on the merits" and "the plaintiff's ability to articulate his claims 'in

17  light of the complexity of the legal issues involved.'"  Id. (quoting Wilborn v. Escalderon,

18  789 F.2d 1328, 1331 (9th Cir. 1986)).  Both of these factors must be reviewed before

19  deciding whether to appoint counsel, and neither factor is individually dispositive.

20  Wilborn, 789 F.2d at 1331.

21                            **II.  DISCUSSION**

22        The Court finds that Petitioner has not established the required exceptional

23  circumstances for appointment of counsel.  Despite his claimed lack of legal training,

24  access to legal work and resources, and less than ideal circumstances resulting from

25  being incarcerated during a pandemic, Petitioner has sufficiently represented himself to

26  date and has drafted and submitted numerous documents without the assistance of

27  legal counsel.  In addition to the instant motion, Petitioner has submitted the Petition

28  for Writ of Habeas Corpus [ECF No. 1], "Application to Proceed in Forma Pauperis by a

1   Prisoner" [ECF No. 6], "Ex Parte Request for Stay of Proceedings" [ECF No. 9], multiple

2   notes of change of address [ECF Nos. 11, 15], "Motion to Withdraw Stay of Proceedings

3   and Reinstate Habeas Corpus" [ECF No. 13], "Ex Parte Request for Order Directing San

4   Diego Sheriffs to Recognize Petitioner as Pro Per Litigant" [ECF No. 18], and "Request for

5   Judicial Notice an Ex Parte Request" [ECF No. 25].   Petitioner's filings indicate that he

6   has a sufficient grasp of his case and the legal issues involved, and that he can articulate

7   the grounds for his Petition.  See LaMere v. Risley, 827 F.2d 622, 626 (9th Cir. 1987)

8   (affirming district court's denial of request for appointment of counsel, where pleadings

9   demonstrated petitioner had "a good understanding of the issues and the ability to

10   present forcefully and coherently his contentions."); see also Taa v. Chase Home Fin.,

11   No. 5:11–CV–00554 EJD, 2012 WL 507430, at *2 (N.D. Cal. Feb. 15, 2012) (noting a pro

12   se litigant's lack of legal training and poverty do not constitute exceptional

13   circumstances, because many other litigants face similar difficulties when proceeding

14   pro se).

15        Further, despite Petitioner's claims that he has been separated from his legal

16   work and denied legal resources since his transfer to San Diego Sheriff's Department

17   custody on September 3, 2021, (see ECF No. 18 at 1), the Court notes that in the same

18   time frame, Petitioner filed motions supported by substantial case law and at least one

19   exhibit from his underlying case.  (See ECF No. 18 ("Ex Parte Request for Order Directing

20   Sheriffs to Recognize Petitioner as Pro Per Litigant," including citations to constitutional

21   and case law) and ECF No. 29 (Motion for Appointment of Counsel, supported by

22   numerous legal citations and trial transcripts).)  In his filings with this Court, Petitioner

23   has referred to two additional cases he is currently litigating in federal court.  (See ECF

24   No. 18 at 2 ("The Petitioner explained active cases in federal court #1:21-01442, 1:21-

25   01443, 1:21-01395[,] requesting access to law library, copies, and correspondence with

26   the courts.").)  The dockets in those cases, too, demonstrate that Petitioner has filed

27   substantial motions and briefing supported by law, and occasionally exhibits.  (See, e.g.,

28   Rodriguez v. Fisher, Case No. 21cv1443-MMA (WVG), ECF No. 24 ("Motion for

Temporary Restraining Order and Preliminary Injunction for Bail," signed November 8, 2021), ECF No. 27 ("Opposition to Respondent's Motion to Dismiss," including citations to cases and statutes and including exhibits, including an opinion letter from a forensic letter that appears central to the claims Petitioner raises in the current case), and ECF No. 34 ("Motion for Order Directing Sheriffs to Recognize Petitioner's Pro Per Status under Bounds v. Smith," citing law); Rodriguez v. Allison, 21cv1395-JLS (AHG), ECF No. 22 ("Motion for Temporary Restraining Order and Preliminary Injunction for Bail," signed November 15, 2021).  Based on Petitioner's numerous filed documents in three cases while he has been housed at the San Diego Sheriff's Department, it appears that he has at least some access to legal resources and his legal work.  The Court also notes that Petitioner appears to have already filed supportive documentation to his Habeas Petition.  (See ECF No. 1 at 60-311.)

To the extent Petitioner argues that his claims are complex, (ECF No. 29 at 1, 3, 5), and that his claims require the presentation of evidence for which he has demanded an evidentiary hearing, (id. at 3, 7), the Court notes first that Petitioner has already articulated his claims, supported by numerous attachments.  (See ECF No. 1.) Additionally, the procedural posture of this case renders those arguments premature. Presently, Petitioner's claims are not ripe for resolution in substance, because Respondent has filed a "Motion to Dismiss," alleging that the instant Petition is untimely.  (See ECF No. 27.)  Petitioner's Opposition to the Motion to Dismiss filed in case number 21cv1443-MMA (WVG) suggests to this Court that he can file a responsive pleading to Respondent's Motion to Dismiss in this case.

The Court also concludes that at this stage in the proceedings, Petitioner has not demonstrated a likelihood of success on the merits.  See Agyeman, 390 F.3d at 1103; Wilborn, 789 F.2d at 1331.

For the reasons stated above, the interests of justice do not currently warrant the appointment of counsel in this case.  Courts are required to construe a petition filed by a pro se litigant more liberally than a petition drafted by counsel.  See Knaubert, 791 F.2d

at 729.  "The district court must scrutinize the state court record independently to determine whether the state court procedures and findings were sufficient."  Id. (citations omitted).  The Petition contains claims that the Court will be able to properly resolve by reviewing the state court record independently, and the "additional assistance provided by attorneys, while significant, is not compelling."  See id. Accordingly, the Court finds that the appointment of counsel is not warranted.

### III.  CONCLUSION

For the reasons stated above, the Court **DENIES without prejudice** Plaintiff's motion for appointment of counsel.  See LaMere, 827 F.2d at 626 (finding that district court did not abuse its discretion in declining to appoint counsel, where the pleadings established that petitioner understood the issues and was able to present his contentions).

**IT IS SO ORDERED**.

Dated:  February 7, 2022

Honorable Michael S. Berg
United States Magistrate Judge

21cv1442-BAS (MSB)